UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 11-CR-0255(1) (PJS) |
| Plaintiff, | |
| v. | ORDER |
| MILTON CARLTON RUCKER, JR., | |
| Defendant. | |

---

On February 24, 2012, a jury convicted defendant Milton Rucker of attempting or conspiring to commit bank fraud, aggravated identity theft, and being a felon in possession of a firearm.  The Court sentenced Rucker to 204 months in prison and 5 years of supervised release.

This matter is before the Court on Rucker's pro se motion for waiver of fees and his request for various documents and information.  Rucker first asks for "a waiver of fees under the CJA that I had in my court trial & appeal."  It is not clear what fees Rucker is referring to, however.  Rucker was represented by court-appointed attorneys both at trial and on appeal and there are no pending proceedings related to this case.  It is true that Rucker originally had retained counsel, and it is possible that Rucker is seeking a refund of fees that he paid to that attorney.  The fact that Rucker later qualified for appointed counsel does not entitle him to the return of fees that he paid to his earlier retained counsel, however, and in any event the Court has no authority to order the return of such fees.  Accordingly, this aspect of his motion is denied.

Rucker next seeks various documents and other information under the Freedom of Information Act.  Much of what Rucker seeks (such as FBI protocols) is not in the Court's possession.  In addition, the Court notes that it returned all trial exhibits to the parties, ECF

No. 129, and that it did not retain a copy of the 302 report that it reviewed in camera but that was not made part of the Court's file, see ECF No. 203 at 36, 42-43, 46-48.[1]  Finally, to the extent Rucker seeks documents that are part of the Court's official record, he should obtain those from his former counsel, who should have received copies of all Court-filed documents during the course of the trial proceedings.  The Court therefore denies Rucker's motion for documents.  To assist Rucker in obtaining documents from his former counsel, however, the Court will order that a copy of the docket sheet be sent to Rucker.

ORDER

Based on the foregoing and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1.  Defendant Milton Rucker's motion [ECF No. 249] is DENIED.

2.  The Clerk of Court is directed to send to Rucker:

    a.  a copy of Rucker's docket sheet; and

    b.  a copy of the form that is used in this District for filing motions under 28 U.S.C. § 2255.

---

[1]To the extent Rucker may be asking the Court to order the government to produce an unredacted copy of the 302 report (or any other documents or information), the Court declines to do so.  Rucker has no pending proceedings and he is therefore not entitled to conduct discovery. See United States v. Losing, 601 F.2d 351, 352-53 (8th Cir. 1979) (per curiam) (movant was not entitled to court records or transcripts because he had not yet filed a § 2255 motion); United States v. Alaga, 99 F.3d 400 (Table), 1995 WL 732665, at *2 (2d Cir. 1995) (affirming denial of discovery request because, among other reasons, the movant had not yet filed a § 2255 motion and thus was not yet a "party").  In addition, the Court already reviewed the unredacted report and determined that it did not contain any information to which Rucker is entitled.  ECF No. 203 at 46-48.

Dated: August 12 , 2014                    s/Patrick J. Schiltz
                                                       Patrick J. Schiltz
                                                       United States District Judge