UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 11-CR-0255(1) (PJS/AJB) |
| | Case No. 15-CV-0069 (PJS) |
| Plaintiff, | |
| v. | ORDER |
| MILTON CARLTON RUCKER, JR., | |
| Defendant. | |

Joseph H. Thompson, Laura M. Provinzino, and LeeAnn K. Bell, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

Leon A. Trawick, TRAWICK & SMITH, PA, for defendant.

Defendant Milton Rucker was sentenced to 204 months in prison after being convicted by a jury of conspiracy to commit bank fraud, aggravated identity theft, and being a felon in possession of a firearm. The United States Court of Appeals for the Eighth Circuit affirmed Rucker's conviction and sentence on direct appeal. *See United States v. Rucker*, 545 F. App'x 567 (8th Cir. 2013).

This matter is before the Court on Rucker's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The Court appointed attorney Leon Trawick to assist Rucker and heard testimony and other evidence at a hearing on August 24, 2015. At the hearing, Rucker withdrew some of his claims,[1] and the Court granted his motion

---

[1]The Court notes for the record that, had these claims not been withdrawn by
(continued...)

to bring a claim under *Johnson v. United States*, 135 S. Ct. 2551 (2015). As amended, Rucker's motion presents two claims: (1) In light of *Johnson*, one of Rucker's prior convictions is no longer a qualifying predicate offense under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), and therefore the Court erred in imposing a 15-year mandatory minimum sentence under the ACCA; and (2) Rucker's trial counsel was constitutionally ineffective because he did not inform Rucker about a plea offer from the government.

With respect to Rucker's *Johnson* claim: The government concedes that, under *Johnson*, Rucker's 1991 conviction for theft from a person no longer qualifies as a predicate offense under the ACCA and that, as a result, Rucker should be resentenced on his firearm conviction. *See* ECF No. 315. The government notes that the Court has the discretion *not* to resentence Rucker on his other convictions. Because Rucker's firearm conviction was the main driver of his lengthy sentence, however, the Court elects to vacate Rucker's entire sentence and begin anew with a correctly calculated Guidelines range. Accordingly, Rucker's claim for relief under *Johnson* is granted and, in keeping with Rucker's request, *see* ECF No. 315 at 2, the Court will vacate Rucker's sentence in its entirety and will resentence him on all counts of conviction.

---

[1](...continued)
Rucker, they almost certainly would have been dismissed on the merits.

With respect to Rucker's claim of ineffective assistance of counsel:[2]  Under *Missouri v. Frye*, 132 S. Ct. 1399 (2012), "defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Id.* at 1408.  Rucker contends that his trial counsel, Jordan Kushner, was ineffective because Kushner failed to inform Rucker about a plea offer that the government made during a meeting with Kushner on January 31, 2012.  During that meeting, the government informed Kushner that it was offering a 10-year prison sentence pursuant to a plea agreement under Fed. R. Crim. P. 11(c)(1)(C).  *See* Def. Exs. A, B (correspondence from government memorializing plea offer).

The parties presented conflicting testimony concerning whether Kushner communicated this offer to Rucker.  Kushner testified that, after reviewing the evidence and relevant law, he was convinced that Rucker would be convicted and therefore would face a lengthy prison term.  As a result, Kushner reached out to the government to discuss the possibility of a plea deal that would avoid the application of the combined 17-year mandatory minimum sentence applicable under the ACCA and the

---

[2]The Court's grant of relief to Rucker on his *Johnson* claim does not moot his ineffective-assistance claim.  Pursuant to the latter, Rucker is seeking the benefit of a Fed. R. Crim. P. 11(c)(1)(C) plea offer under which he would have pleaded guilty to a single offense and would have received at most 10 years in prison.  *See* Def. Ex. A.  By contrast, although the Court has vacated Rucker's sentence under *Johnson*, he remains convicted of three offenses for which the Court may sentence him to far more than 10 years in prison.  *See* 18 U.S.C. §§ 1344, 1349 (30-year maximum for conspiracy to commit bank fraud); 18 U.S.C. § 1028A (requiring a 2-year consecutive sentence).

aggravated identity-theft statute. After the government made the offer on January 31, Kushner met with Rucker for several hours and explained the offer in detail. Kushner also testified that he sent to Rucker a copy of the government's February 7, 2012 letter, which discusses the January 31 plea offer. Kushner's testimony was corroborated by billing entries reflecting a 2.5-hour meeting between Kushner and Rucker on February 2 (while the plea offer was pending), as well as postage and copying costs on February 8. *See* Gov't Ex. 4 at 8; Gov't Ex. 5.

Much of Kushner's account was also corroborated by Rucker. For example, Rucker admitted that Kushner told him: (1) that he was likely to be convicted; (2) that the evidence against him was overwhelming; (3) that he faced a 17-year mandatory minimum; (4) that his guidelines range would be over 20 years; and (5) that he didn't have much of a defense. Rucker also admitted that Kushner told him all of these things on February 2, while the government's plea offer was pending. Rucker nevertheless insisted that Kushner did not tell him about the plea offer itself.

For several reasons, the Court credits Kushner's testimony that he informed Rucker about the plea offer:

First, the Court has had a great deal of experience with Kushner, and the Court knows him to be honest, fiercely devoted to his clients, and meticulous to a fault. Rucker, by contrast, has a long and serious criminal record (including multiple

convictions for theft and fraud) and a lifelong habit of making poor, self-destructive decisions.

Second, Kushner's testimony is corroborated by his billing and expense records as well as by much of Rucker's testimony. No evidence supports Rucker's version of events, except his own testimony.

Finally and most importantly, Rucker's claim that Kushner did not inform him of the plea offer is simply preposterous. It defies belief that Kushner would tell Rucker that he was likely to be convicted and face a minimum of 17 years in prison but would fail to convey a pending plea offer from the government—a plea offer that *Kushner had solicited* and that would cap Rucker's sentence at 10 years. The evidence makes clear that Kushner was very distressed about what he perceived to be the grave injustice of the mandatory minimum sentence that Rucker was facing and was trying to do his best to help Rucker avoid that sentence. To that end, Kushner proactively contacted the government to pursue a plea deal that would avoid the application of the 17-year mandatory minimum sentence that Rucker would otherwise receive. It is undisputed that Kushner gave competent advice concerning Rucker's likelihood of conviction and the consequences that Rucker would face. It is not believable that, under these circumstances, Kushner would not have conveyed the government's plea offer.

The Court therefore rejects the factual predicate of Rucker's ineffective-assistance claim, and that claim is denied.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Defendant's motion to vacate, set aside, or correct his sentence [ECF No. 261, as amended] is GRANTED IN PART and DENIED IN PART.

2. Defendant's claim of error under *Johnson v. United States*, 135 S. Ct. 2551 (2015), is GRANTED.

3. Defendant's claim of ineffective assistance of counsel under *Missouri v. Frye*, 132 S. Ct. 1399 (2012) is DENIED.

4. Defendant's sentence [ECF No. 214] is VACATED.

5. United States Probation and Pretrial Services is directed to prepare an amended presentence investigation report reflecting that defendant is not subject to the Armed Career Criminal Act. The parties may then object to the report and file sentencing position papers in accordance with the Federal Rules of Criminal Procedure and D. Minn. L.R. 83.10.

Dated: November 12, 2015         s/Patrick J. Schiltz
                                 Patrick J. Schiltz
                                 United States District Judge