UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 11-CR-0255(1) (PJS/AJB) |
| Plaintiff, | |
| v. | ORDER |
| MILTON CARLTON RUCKER, JR., | |
| Defendant. | |

Defendant Milton Rucker was convicted by a jury of conspiracy to commit bank fraud, aggravated identity theft, and being a felon in possession of a firearm. After finding that Rucker was subject to the Armed Career Criminal Act ("ACCA"), the Court sentenced him to 204 months in prison. ECF No. 214. The United States Court of Appeals for the Eighth Circuit affirmed Rucker's conviction and sentence on direct appeal. *See United States v. Rucker*, 545 F. App'x 567 (8th Cir. 2013) (per curiam).

Rucker later filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Among other claims, Rucker argued that, under *Johnson v. United States*, 135 S. Ct. 2551 (2015), the ACCA no longer applies to him. Rucker eventually withdrew all of his claims save two: (1) his claim under *Johnson* and (2) a claim that his trial counsel did not inform him of a plea offer by the government. The Court denied Rucker's § 2255 motion with respect to the plea-offer claim but granted it with respect

to the *Johnson* claim.  ECF No. 316.  On February 9, 2016, the Court sentenced Rucker to 129 months in prison.  ECF No. 324.  Rucker's appeal of that judgment—as well as of the Court's denial of his plea-offer claim—is currently pending before the Eighth Circuit.[1]

This matter is before the Court on Rucker's "motion pursuant to Fed. R. Civ. P. 15(a)(2) and/or Rule 59(e)."  ECF No. 338.  In his motion, Rucker points out that, during his initial sentencing, the Court varied downward from a guidelines range of 259 to 317 months to the then-mandatory-minimum sentence of 204 months on the basis of a number of factors, including the nature of Rucker's offense; the differences between Rucker and a typical armed career criminal; the length of Rucker's previous sentences; Rucker's age; and Rucker's mental and substance-abuse issues.  Rucker argues that the Court failed to grant a similar variance at his later sentencing and contends that it should do so now.[2]

---

[1]The Court notes that, in his current motion, Rucker asserts that the Court granted a certificate of appealability on his plea-offer claim.  ECF No. 338 at 1.  That assertion is false.  *See* ECF No. 334 (order denying certificate of appealability).  Rucker seems to confuse the Court's allowance of transcript fees under 28 U.S.C. § 753(f) with a grant of a certificate of appealability.  But the standard for a transcript allowance under § 753(f) is significantly lower than the standard for granting a certificate of appealability.

[2]Rucker specifically contends that he received a 30-month downward variance and asks the Court to reduce his current sentence by 30 months.  The Court does not

(continued...)

Rucker seems to be casting this argument as an amendment to his original § 2255

motion (or as a request to alter the judgment with respect to that motion), apparently so

that he can avoid the procedural barriers to a second-or-successive § 2255 motion.  *See*

28 U.S.C. § 2255(h).  This is both confusing and unnecessary.  Rucker's argument is

directed to his newly imposed sentence of 129 months.  As to that sentence, Rucker has

never filed a § 2255 motion, and thus any such motion would not be a second or

successive motion.

That said, to the extent that Rucker's motion seeks relief under § 2255, it is

premature because Rucker's appeal of his 129-month sentence is currently pending.[3]

*See United States v. Jagim*, 978 F.2d 1032, 1042 (8th Cir. 1992) ("Because Ziebarth filed this

motion while his direct appeal was pending before this Court, the District Court

---

[2](...continued)
understand Rucker's math.  As noted, Rucker's original Guidelines range was 259 to
317 months.  *See* ECF No. 209 at 18-19.  The Court ultimately sentenced him to
204 months, which is 55 months below the low end of that range.  Contrary to Rucker's
characterization, the Court did not attribute any specific portion of that variance to any
one particular factor.

[3]To the extent that Rucker's motion is premised on some authority other than
§ 2255, his motion must be denied because no such authority exists.  *See* 18 U.S.C.
§ 3582(c) (listing limited circumstances under which a court may modify a sentence);
*Dillon v. United States*, 560 U.S. 817, 824 (2010) (a judgment of conviction including a
sentence of imprisonment "may not be modified by a district court except in limited
circumstances").  Moreover, Fed. R. Civ. P. 59(e) is not a proper vehicle for amending a
criminal judgment, and in any event it is too late to bring a Rule 59(e) motion.

properly dismissed the section 2255 motion as prematurely filed."); *see also Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.").

Setting that aside, Rucker's motion is substantively meritless.  Rucker's motion is premised on a theory that, because the Court granted a downward variance when it originally sentenced him, he was entitled to precisely the same downward variance when the Court resentenced him.  Obviously, though, the fact that the Court found it appropriate to vary downward by 55 months (or 21.2%) from a guidelines range of 259 to 317 months does not mean that the Court is bound to vary downward *at all*—much less by 55 months (or 50.9%)—from a revised guidelines range of 108 to 129 months.

To illustrate the illogic of Rucker's argument:  One of the reasons given by the Court for varying downward at Rucker's original sentencing hearing was the fact that, although "Mr. Rucker's sentence is . . . driven to a large extent by his status as an armed career criminal . . . Mr. Rucker's predicate offenses are not as serious—or as recent—as the predicate offenses of a typical defendant who is sentenced under the ACCA."  ECF No. 209 at 33.  At the time of Rucker's resentencing, however, he was no longer

classified as an armed career criminal.  That eliminated one of the most important

reasons why the Court chose to vary downward at his original sentencing.

At Rucker's resentencing, the Court explicitly identified—and explicitly gave

weight to—every one of the factors that caused the Court to vary downward at Rucker's

original sentencing:

> When I originally sentenced Mr. Rucker, I gave him a
> substantial downward variance to the mandatory minimum
> sentence of 17 years.  I cited numerous reasons for doing so,
> including the fact that Mr. Rucker's lengthy sentence was
> being driven by his felon-in-possession charge, which was
> less serious than many because he did not set out to acquire
> a firearm; that Mr. Rucker's three predicate ACCA offenses
> were not as serious or as recent as those of a typical
> defendant who is sentenced under the ACCA; that Mr.
> Rucker's lengthiest previous sentence was 86 months; that
> Mr. Rucker is approaching an age at which people are less
> likely to recidivate; and that Mr. Rucker suffers from mental
> illness, as well as an addiction to drugs.  *These factors still
> apply and they persuade me that a sentence above the guidelines
> range is not warranted.*

ECF No. 341 at 18 (emphasis added).  Thus, Rucker's assertion that the Court failed to

consider these factors—and, in particular, his "mental capacity," ECF No. 338 at 2— is

refuted by the transcript of the resentencing proceeding.

Rucker also seems to fault his counsel for failing to argue for a variance.  But

Rucker's counsel did, in fact, ask the Court to vary downward on the basis of the same

factors that the Court cited as the reasons for its original variance, including Rucker's

mental capacity.  *See* ECF No. 322 at 4-7; ECF No. 341 at 6-7.  Indeed, Rucker's counsel

asked for a sentence of 99 months—the same sentence that Rucker seeks now.  ECF

No. 322 at 7 (requesting a sentence of 75 months plus the additional 24-month

mandatory minimum for identity theft).  Rucker's counsel was not ineffective.

For these reasons, Rucker's motion is denied.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1.     The motion of defendant Milton Carlton Rucker, Jr. [ECF No. 338] is

DENIED WITHOUT PREJUDICE as premature.

2.     To the extent that a certificate of appealability is necessary, no certificate

of appealability will issue.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: September 27, 2016                     s/Patrick J. Schiltz
                                              Patrick J. Schiltz
                                              United States District Judge