UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 11-CR-0255(1) (PJS/AJB) |
| Plaintiff, | |
| v. | ORDER |
| MILTON CARLTON RUCKER, JR., | |
| Defendant. | |

Defendant Milton Rucker was convicted by a jury of conspiracy to commit bank fraud, aggravated identity theft, and being a felon in possession of a firearm. He was originally sentenced to 204 months in prison. ECF No. 214. The Court later granted in part Rucker's motion under 28 U.S.C. § 2255 to vacate his sentence and resentenced him to 129 months in prison. ECF Nos. 316, 324. Rucker's appeal of that judgment—as well as of the Court's denial of a portion of his § 2255 motion—is currently pending before the United States Court of Appeals for the Eighth Circuit.

This matter is before the Court on Rucker's motion for a reduction in his sentence pursuant to Amendment 794 of the United States Sentencing Guidelines. Amendment 794 concerns the standards by which a court decides whether to grant a mitigating-role reduction under § 3B1.2 of the Guidelines.

Rucker does not cite a procedural vehicle for his motion. Regardless of the procedural vehicle, however, the Court cannot entertain Rucker's motion at this time due to the pendency of Rucker's appeal. *See Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (per curiam) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."); *United States v. Cardoza*, 790 F.3d 247, 248 (1st Cir. 2015) (per curiam) (district courts lack jurisdiction to entertain a motion under 18 U.S.C. § 3582(c)(2) to modify a sentence while appeal of the sentence is pending).

Setting that aside, Rucker's motion is substantively meritless. Rucker was resentenced on February 9, 2016, well after the November 1, 2015 effective date of Amendment 794. *See* ECF No. 323; *United States v. Hunt*, No. 15-3944, 2016 WL 6276072, at *1 (8th Cir. Oct. 27, 2016) (effective date of Amendment 794). Because Amendment 794 was already in effect when Rucker was resentenced, Rucker has no basis to seek any retroactive benefit from that amendment. Moreover, there is no basis on which to grant Rucker any kind of mitigating-role reduction. As the trial in this case made clear, Rucker is at least equally as culpable as his codefendant for bank fraud and aggravated identity theft, and he is solely responsible for his crime of being a felon in possession of a firearm.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1. The motion of defendant Milton Carlton Rucker, Jr. to reduce his sentence on the basis of Amendment 794 [ECF No. 352] is DENIED WITHOUT PREJUDICE for lack of jurisdiction.

2. To the extent that a certificate of appealability is necessary, no certificate of appealability will issue.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: November 8, 2016                     s/Patrick J. Schiltz
                                            Patrick J. Schiltz
                                            United States District Judge